## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) POTTAWATOMIE COUNTY RURAL WATER DISTRICT NO. 3, An agency of the State of Oklahoma, | ) ) ) | |
| | ) | Case No. 16-cv-00659-M |
| Plaintiff, | ) ) | Jury Trial Demanded |
| vs. | ) ) | |
| (1) MARY FALLIN, Governor of the State of Oklahoma, and (2) J. DAVID BURRAGE, Chairman of the Oklahoma Department of Transportation, In Their Respective Official Capacities, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:  October 4, 2016, 2:30 P.M.

Appearing for Plaintiff:
Steven M. Harris, OBA #3913
Michael D. Davis, OBA #11282
DOYLE HARRIS DAVIS
    & HAUGHEY
1350 S. Boulder Avenue, Suite 700
Tulsa, OK 74119
Telephone: (918) 592-1276
Cell: 918-640-1050
Facsimile: (918) 592-4389
steve.harris@1926bLaw.com
mike.davis@1926bLaw.com

Appearing for Defendants:
M. Daniel Weitman, OBA #17412
Assistant Attorney General
Jared B. Haines, OBA #32002
Assistant Solicitor General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Fax: (405) 521-4518
dan.weitman@oag.ok.gov
jared.haines@oag.ok.gov

**Jury Trial Demanded** (Yes - by Plaintiff)

1

1.     **BRIEF PRELIMINARY STATEMENT**.  State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

**Plaintiff's Preliminary Statement.** Plaintiff ("District-3") contends that the Defendants, acting in their official capacities, are using Oklahoma Statutes, 69 O.S. § 1401 and 82 O.S. § 1324.10(A)(8), in a manner which conflicts with, interferes with and deprives the Plaintiff of its federal rights under 7 U.S.C. § 1926(b). District-3 is indebted to the United States Department of Agriculture, and enjoys the protection of 7 U.S.C. § 1926(b) which prohibits the curtailment or limitation of water service provided or made available by District-3.

District-3 contends, that the actions by the Defendants, in their official capacities, acting on behalf of the State of Oklahoma and the Oklahoma Department of Transportation, are interfering with, limiting and curtailing the water services made available by District-3 to rural residents within its jurisdictional boundaries, and using Oklahoma statutes in an incorrect, improper, and unconstitutional manner because such state statutes (69 O.S. § 1401 and 82 O.S. § 1324.10(A)(8)), if they have the effect alleged by the State, are preempted by 7 U.S.C. § 1926(b)). Defendants through their actions in their official capacities, have violated federal law, including 7 U.S.C. § 1926(b), 42 U.S.C. § 1983 and the Supremacy Clause.

District-3 seeks prospective injunctive relief only.

**Defendants' Preliminary Statement.** 7 U.S.C. § 1926(b) prohibits local governments from competing with indebted rural water utilities, whether through municipal annexation, the creation of private franchises, or even new permitting requirements. The statute does not, however, provide indebted rural water utilities with an exemption from generally applicable state law. Defendants do not oversee state agencies that compete with Plaintiff or otherwise have any connection to a water utility that competes with Plaintiff. Plaintiff's claim therefore fails.

Further, Defendants contend that this Court should abstain from hearing this dispute because it is presently being litigated in state court, which includes a civil enforcement proceeding. The Citizen Potawatomi Nation purchased all of the assets, assumed all of the liabilities, hired employees, and took on the customers of Pottawatomie County Rural Water District No. 3 in 2007, when that rural water district also agreed to cease operating. Defendants also believe that, in light of the 2007 transaction, Plaintiff lacks any debt to the United States government.

Finally, Defendant Fallin maintains that she lacks the requisite legal responsibility over state highways to be subject to Plaintiff's suit.

2

2.     **JURISDICTION**.  State the basis on which the jurisdiction of the court is invoked and any presently known objections.

Plaintiff contends jurisdiction is premised under 28 U.S.C. § 1331 (federal question). The underlying federal questions at issue arise under 7 U.S.C. § 1926(b), 42 U.S.C. § 1983 and the Supremacy Clause (U.S. Const. art. VI, cl. 2).

The Defendants contend that this Court should abstain from exercising jurisdiction under the *Younger* abstention doctrine. The issues involved in this case are presently the subject of civil enforcement proceedings in state court. Defendant Fallin also contends that the Court lacks jurisdiction over her because she does not have the requisite legal responsibility over the subject matter of Plaintiff's claims to fall within the *Ex parte Young* exception to sovereign immunity. Further, Defendants also object to this Court's exercise of jurisdiction over a case involving the Supremacy Clause of the United States Constitution brought by an entity claiming to be a state instrumentality against State officials—State agencies lack standing against the State itself.

3.     **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

1.     Plaintiff claims to be a rural water district formed under the Oklahoma Rural Water Act (82 O.S. § 1324.1 *et seq.*)
1.     Defendant Mary Fallin is the Governor of the State of Oklahoma, and has been sued in her official capacity.
2.     Defendant J. David Burrage, is the Chairman of the Oklahoma Department of Transportation, and has been sued in his official capacity.
3.     Plaintiff's claims are alleged to arise under 7 U.S.C. § 1926(b), 42 U.S.C. § 1983 and U.S. Const. art. VI, cl. 2, otherwise known as the Supremacy Clause.
4.     The Oklahoma Water Resources Board approved a transaction in 2005 whereby  the Citizen Potawatomi Nation purchased all of the assets, assumed all of the liabilities, and hired employees, of Pottawatomie County Rural Water District No. 3.
5.     The Citizen Potawatomi Nation is a federally recognized Indian tribe.
6.     The Governor of Oklahoma and the Oklahoma Department of Transportation both maintain their headquarters in Oklahoma City, Oklahoma.

4.     **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

a.     <u>Plaintiff</u>:

In 2005, District-3, an Oklahoma rural water district formed under 82 O.S. § 1324.1 *et seq*., was operating at a financial loss, and was unable to make its payments on loans made by the USDA to District-3. The Citizen Potawatomi Nation ("CPN") proposed to acquire the assets of District-3, become a co-debtor on District-3's debt owed the USDA and other creditors, and be granted managerial control of the water delivery system of District-3, to insure that residents in Pottawatomie County would continue to have reliable, safe and economical water service. The proposed acquisition of assets, and granting of managerial control over District-3's water delivery system, was approved by (1) the Board of Directors of District-3, (2) the membership of District-3, (3) the County Commissioners of Pottawatomie County, (4) CPN and (5) the Oklahoma Water Resources Board ("OWRB"). The OWRB conducted a public hearing, as required by 82 O.S. § 1324.44, regarding CPN's proposed acquisition of assets and being granted managerial control of operations of the water delivery system of District-3. The Oklahoma Attorney General's office attended the public hearing conducted by the OWRB on October 11, 2005, and provided various legal opinions to the OWRB regarding the subject of requirements associated with the approval or disapproval of the proposed acquisition and granting of managerial control over operations of the water delivery system of District-3. The OWRB issued a formal Order, with findings of fact and conclusions of law, approving the acquisition of assets by CPN, and granting managerial control to CPN over the water delivery system of District-3. The OWRB found in its 2005 Order, *inter alia*, as a matter of fact and law, that District-3 was an Oklahoma rural water district formed under the Oklahoma Rural Water Act.

The 2005 OWRB Order also provides in pertinent part:

"...CPN agrees to assume *operation and maintenance of the water system*..." (Emphasis added.)

"The CPN does not have plans or proposals to liquidate the district, sell its assets or merge it or consolidate it with another person."

During the October 11, 2005 public hearing conducted by the OWRB, Duane Smith, executive director of the OWRB, advised the Board "...it is staff's conclusion the Tribe has the financial ability to manage and enhance *the District*." (Emphasis added.)

From 2005 through the present, District-3 has continued to function, namely conducted board meetings, conducted annual meetings of its members, purchased water from the Oklahoma City Water Utility Trust ("OCWUT"), sold water to its members/customers, two Oklahoma towns (Wanette and Asher), schools, churches, and businesses situated in Pottawatomie County, billed for water service, and collected the revenue, depositing the revenue in a bank account in the name of

District-3. District-3 has been audited annually in compliance with Oklahoma law applicable to rural water districts. District-3's board of directors have complied with continuing educational requirements under Oklahoma law (Rural Water Act).

In 2014, CPN and the State of Oklahoma became embroiled in a dispute regarding whether CPN had an obligation to collect and remit to the State of Oklahoma, taxes associated with the sales of alcoholic beverages, at CPN businesses, including liquor sales at CPN's casinos. The State of Oklahoma threatened to "shut down" CPN's businesses if CPN persisted in refusing to tax, collect and pay the tax revenue to the State. The CPN prevailed in the tax dispute at arbitration. The Honorable Judge Robin J. Cauthron,  of the U.S. District Court for the Western District of Oklahoma, confirmed the arbitration award. The State has appealed the judgment to the Tenth Circuit Court of Appeals.

At the same time, in 2014, the State of Oklahoma, acting through the Oklahoma Department of Transportation ("ODOT"), began refusing to "concur" with water line location notices ("permit applications") issued by District-3 to ODOT, and also refused to provide an alternative location. The refusal of ODOT to concur or provide an alternative plan, was in direct violation of 82 O.S. § 1324.10(A)(8), although this statute is preempted by 7 U.S.C. § 1926(b). ODOT's conduct did and was intended to curtail and limit water service provided or made available by District-3.  From at least 2002 and continuing through mid-2014, ODOT had consistently (and without exception) "concurred" in a large number of line locations specified by District-3 for placement of water lines on the State's right-of-way (roads and highways). However, in late 2014, ODOT maintained that District-3 was not a true and genuine rural water district under the Oklahoma Rural Water Act, (82 O.S. § 1324.1 *et seq.*) but rather, was merely a tribally owned (CPN owned) utility. Internal correspondence exchanged within ODOT in 2014 and 2015, shows that ODOT incorrectly believed that District-3 was just another CPN tribally owned and operated business. This purported "belief" persisted despite a 2005 Order entered by the OWRB specifically finding that District-3 was an Oklahoma rural water district under the Rural Water Act, and despite the County Commissioners of Pottawatomie County recognizing the continued existence of District-3 as a rural water district, by their approval of District-3's petition to annex additional territory in 2008. The Oklahoma Supreme Court has determined that rural water districts formed under the Oklahoma Rural Water Act, are "agencies of the State of Oklahoma."[1]

---

[1] "¶ 8 A water district created under the Rural Water Act is an agency and legally constituted authority of the State of Oklahoma, but cannot levy any taxes whatsoever or make any assessments on property. 82 O.S.2011, § 1324.6." *Sinor's Long Bay Marina, LLC v. Wagoner Cty. Rural Water Dist. No. 2*, 2014 OK 43, ¶ 8, 335 P.3d 262, 264.

In 2016, the State of Oklahoma brought suit against District-3, seeking a judicial determination of the legal status of District-3. However, subsequent to filing suit, the State of Oklahoma informed the District Court of Oklahoma County, that it was not actually questioning the legal status of District-3, and was not suing District-3, but rather was suing some other unknown entity that was purporting to be a rural water district, and was questioning the authority and existence of that <u>other</u> entity, that used the identical name as District-3, but was not actually District-3. Following this assertion, the State's 12 O.S. § 2036 representative (Simon Winlock) (similar to a Fed.R.Civ.P. representative under Rule 30(b)(6)) testified that he saw no distinction between the "named defendant" in the state suit, and District-3. The District Court for Oklahoma County conducted an evidentiary hearing on August 19, 2016 (Honorable Judge Don Andrews presiding) regarding a motion for temporary injunction filed against District-3 by the State of Oklahoma (the "State"). The State sought to enjoin District-3 from future efforts to place water lines on State land (i.e. enjoin District-3 from using highway right-of-way to place water lines). Judge Andrews denied the motion for temporary injunction at the close of the State's evidence presented in support of the motion.

District-3 contends, that the actions by the Defendants in their official capacities, are interfering with, curtailing and limiting water service provided or made available by District-3, and using Oklahoma statutes in an incorrect, improper, and unconstitutional manner, because such statutes, if they have the effect alleged by the State, are preempted by 7 U.S.C. § 1926(b). The Defendants, acting in their official capacities have been, in effect, trying to interfere with and cause harm to CPN, as a means to obtain concessions from CPN, relative to the tax dispute that continues between CPN and the State of Oklahoma. The interference by the Defendants is nearly identical to the threats communicated to CPN to "shut down" tribally owned businesses. In the process of attempting to cause harm to CPN, the Defendants, acting in their official capacities, were in fact causing actual harm to District-3, by curtailing and limiting water service made available by District-3 to rural residents in Pottawatomie County. Curtailing and limiting the water service provided or made available by a federally indebted rural water district, District-3 here, is prohibited by 7 U.S.C. § 1926(b).

District-3 seeks prospective injunctive relief, to prevent the Defendants from continuing to interfere with water service provided by District-3, which is a protected activity under 7 U.S.C. § 1926(b). District-3 is not seeking damages.

**Procedural History of the pending State Court Litigation:** State of Oklahoma v. Pottawatomie County Rural Water District No. 3, Oklahoma County District Court, Case No. CJ-2016-2610, District Judge Don Andrews. ("State Court Suit"):

The State of Oklahoma ("State") filed the State Court Suit on May 23, 2016. The State

contends that the "named defendant" in the State Court Suit, is **not** Pottawatomie County Rural Water District No. 3, but rather some other person or entity (but having an identical name as the Plaintiff in this federal suit). If the State's contention is correct, namely that it is indeed suing (or intended to sue) some other entity who is using the identical name as the Plaintiff named in this federal suit, then the parties to this suit, are entirely different from the parties to the State Court Suit.

The State filed a Petition, a Motion for Temporary Injunction, and a Motion for Temporary Restraining Order. The Defendant filed a Motion to Dismiss the original Petition, and opposed the Motions for Temporary Injunction and Temporary Restraining Order. The Defendant's Motion to Dismiss the Petition was granted with leave to amend. The State filed an Amended Petition on July 11, 2016. The Defendant's Motion to Dismiss the Amended Petition remains under consideration by the District Court.

The State's Motion for Temporary Restraining Order ("TRO") was denied on July 25, 2016. On August 19, 2016 the District Court conducted a one day evidentiary hearing on the State's separate Motion for Temporary Injunction. At the close of the State's evidence, the District Court denied the State's Motion.

b.    <u>Defendant</u>

As part of any highway expansion project, the Oklahoma Department of Transportation ("the Department") negotiates and plans for the relocation of utility equipment that would be affected by construction—including water pipes. In early 2014, the Department negotiated with Plaintiff over one such project, which resulted in a signed utility relocated agreement. In that agreement, Plaintiff identified as Citizen Potawatomi Nation dba Pottawatomie County Rural Water District No. 3. Because Plaintiff had requested that its relocated water pipes be placed in the new state right-of-way—a benefit only extended to rural water districts and certain other public utilities—Department officials began gathering facts to determine whether Plaintiff actually is a rural water district or other public utility. At no time prior to that agreement had Plaintiff ever identified as anything other than Pottawatomie County Rural Water District No. 3, meaning the Department had no notice of potential legal problems until 2014.

What the Department discovered were key documents showing that Plaintiff is not, in fact, a rural water district. First, the Department uncovered legally operative documents indicating that the Citizen Potawatomi Nation had purchased all of the assets, assumed all of the liabilities, hired employees, and took on the customers of Pottawatomie County Rural Water District No. 3. The Citizen Potawatomi Nation and the Pottawatomie County Board of County Commissioners executed a Memorandum of Understanding in 2005. In that document, the parties agreed that the Citizen Potawatomi Nation would acquire the district's assets and operate a new "tribal water

district" as part of its tribal government. The parties also agreed that the tribe would set up an advisory board to help oversee the utility's operations.

Afterward, the Citizen Potawatomi Nation entered an Asset Purchase Agreement with the rural water district and County setting out specific terms that included the purchase of all assets and the assumption of all liabilities—including, as consideration for the asset purchase, the satisfaction of all debts. The Agreement also required the rural water district to cease all business activities and that the tribe set up an advisory board to help provide service to water users. Then, a few months later, the Citizen Potawatomi Nation and rural water district submitted the transaction to the Oklahoma Water Resources Board for approval as contemplated in Oklahoma law. *See* 82 O.S. §§ 1324.41 *et seq.* The Board approved the transaction on terms consistent with the representations made to the Board. Those representations included the Asset Purchase Agreement. The Board specifically noted that the tribe would "step into the shoes" of the rural water district and continue to operate its water system.

Nowhere did the Board's approval order note that the Citizen Potawatomi Nation would merely control the rural water district. An asset sale would be unnecessary if the rural water district would continue to operate. Nor would special control be consistent with Oklahoma law. Rural water districts are state instrumentalities that must be governed by an elected Board of Directors consistently with rural water district bylaws, the Open Meetings Act, and the Open Records Act.

Second, the Department discovered evidence that Plaintiff does not operate consistently with the requirements of a rural water district. As of early 2014, Plaintiff had not filed annual reports or annual audits with either the State Auditor and Inspector's Office or the Pottawatomie County Clerk's Office, both of which are required under state law. See 28 O.S. §§ 1324.10(D), 1324.18. When the Department requested copies of audits, bylaws, and board meeting minutes, Plaintiff turned over documents that contained significant irregularities. For example, Plaintiff's supposed financial statements were actually excerpts from the consolidated financial statements of the Citizen Potawatomi Nation. The bylaws turned over were executed before the asset sale, and they contained provisions clearly violated by Plaintiff, including that a Treasurer be elected and give a financial report annually and that the district's fiscal year end on June 30 each year. Even the supposed minutes of Plaintiff's Board of Directors contain references to its status as an advisory board, not an actual Board of Directors of a rural water district.

Under the operative legal documents, Plaintiff cannot be the actual rural water district because that district has no assets and agreed to cease activity. Further, the actual operations of Plaintiff are consistent with the understanding that Plaintiff is not a rural water district. Alternatively, Plaintiff is a rural water district in violation of its asset sale agreement and in violation of its basic obligations regarding governance under Oklahoma law. Plaintiff's situation presents a significant problem for the State's ability

to organize and effectively govern through state instrumentalities.

Because the legal status of Plaintiff lacked clarity, the Department had not approved Plaintiff's request to lay utility equipment on state-owned property as of April 2016. Rather than seeking court relief, Plaintiff engaged in self-help by placing water pipes along state highway without any supervision or oversight of the Department. Plaintiff broke the law, and the State of Oklahoma filed suit in May with civil enforcement claims regarding rural water district statutes, a declaratory judgment action to clarify Plaintiff's legal status, and a request that the Court enjoin the placement of equipment on state-owned rights-of-way without the Department's approval.

Shortly after that litigation began, Plaintiff filed this suit to prevent the State from adjudicating Plaintiff's claim to be a state instrumentality. Plaintiff claims that the State's attempt to resolve these questions violates the municipal competition provision at 7 U.S.C. § 1926(b). Yet neither Defendant oversees a state agency in competition with Plaintiff for providing water utility services. Further, as Plaintiff claims that it is a state instrumentality, it lacks standing to sue itself—State officials—in federal court with a cause of action premised on the Supremacy Cause of the United States Constitution. Additionally, Plaintiff's interpretation of 7 U.S.C. § 1926(b) would prevent state governments from enforcing basic, generally applicable governance statutes with respect to their water utilities. That would render the statute an unconstitutional interference in the State of Oklahoma's ability to govern its internal affairs. Plaintiff's suit also seeks to short-circuit litigation in state court, which includes significant state interests and a civil enforcement proceeding. Defendants thus moved to dismiss this case for failure to state a claim for relief under 7 U.S.C. § 1926(b) and for *Younger* abstention to apply.

5.   **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

■ **Yes**       ■ **No**

**The Plaintiff contends that the answer to this question is "NO" for the reasons stated below.**

District-3 has questioned the constitutionality of state statutes in its Complaint, however, District-3 has named the Governor of the State of Oklahoma, as a defendant in her official capacity. Rule 5.1, Fed.R.Civ.P is only applicable if District-3 had not named the Governor as a defendant in her official capacity.  The certification requirement of 28 U.S.C. § 2403 is not applicable here, for the previously stated reasons.

A copy of the complaint has been served on the Oklahoma Attorney General's office and that office is actively defending this case.

**The Defendants contend that the answer to this question is "YES" for the reasons stated below.**

Defendants intend to object to the constitutionality of 7 U.S.C. § 1926(b) as an infringement of the State of Oklahoma's ability to regulate its internal affairs in violation of the Tenth Amendment. Defendants will provide notice to the United States as required under applicable law at the time that it files a motion or other document containing a formal challenge.

6.   **MOTIONS PENDING AND/OR ANTICIPATED**

Defendants filed their motion to dismiss the complaint on July 12, 2016 (Doc.4)

Plaintiff filed its response and objection on July 20, 2016 (Doc. 6)

Defendants filed their reply on August 5, 2016 (Doc. 9)

The parties anticipate filing Motions for Summary Judgment within the deadline established by the Court.

7.   **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   □ Yes       ■ No
If "no," by what date will they be made? <u>September 27, 2016</u>

Plaintiff has provided its initial disclosures to Defendants pursuant to Fed.R.Civ.P. 26(a)(1).

Defendants have not yet provided their initial disclosures but will do so by September

27, 2016.

8.    **PLAN FOR DISCOVERY**.

    A.    The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>September 13, 2016</u>.

    B.    The parties anticipate that discovery should be completed within **<u>six (6)</u>** months.

    C.    In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?

        The parties request early settlement conference.

    D.    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        ■ **<u>Yes</u>**        □ No

        The parties have discussed, in connection with their Rule 26(f) conference, disclosure of electronically stored information.

    E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        ■ **<u>Yes</u>**        □ No

        To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. Rules of Evid. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

    F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

        **None.**

9.   **ESTIMATED TRIAL TIME**:  **6 trial days.**

10.  **BIFURCATION REQUESTED**:          □ Yes          ■ **No**

11.  **POSSIBILITY OF SETTLEMENT**:      □ Good        □ Fair        ■ **Poor**

12.  **SETTLEMENT AND ADR PROCEDURES**:

     A.    Compliance with LCvR16.1(a)(1) - ADR discussion:    ■ **Yes**      □ No

     B.    The parties request that this case be referred to the following ADR process:

           ■ **G Court-Ordered Mediation subject to LCvR16.3**
           G Judicial Settlement Conference
           G Other _____
           G None - the parties do not request ADR at this time.

13.  <u>Parties consent to trial by Magistrate Judge?</u>   □ Yes      ■ **No**

14.  <u>Type of Scheduling Order Requested.</u>  ■ **Standard** -  □ Specialized  (If a specialized
     scheduling order is requested, counsel should include a statement of reasons and
     proposal.)

     Submitted this 22nd day of September, 2016.


                              /s/ Steven M. Harris
                              _____
                              Counsel for Plaintiff
                              Steven M. Harris, OBA #3913
                              Michael D. Davis, OBA #11282
                              DOYLE HARRIS DAVIS & HAUGHEY
                              1350 S. Boulder Avenue, Suite 700
                              Tulsa, OK 74119
                              Telephone: (918) 592-1276
                              Cell: 918-640-1050
                              Facsimile: (918) 592-4389
                              steve.harris@1926bLaw.com
                              mike.davis@1926bLaw.com

/s/ M. Daniel Weitman
Counsel for Defendants
M. Daniel Weitman, OBA #17412
Assistant Attorney General
Jared B. Haines, OBA #32002
Assistant Solicitor General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, Oklahoma 73105
Phone: (405) 521-3921
Fax: (405) 521-4518
dan.weitman@oag.ok.gov
jared.haines@oag.ok.gov

1736-6.joint status report:lj