# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| POTTAWATOMIE COUNTY RURAL WATER DISTRICT NO. 3, an agency of the State of Oklahoma, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-16-659-M ) |
| MARY FALLIN, Governor of the State of Oklahoma, in her official capacity, and J. DAVID BURRAGE, Chairman of the Oklahoma Department of Transportation, in his official capacity, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss, filed July 17, 2016. On July 20, 2016, plaintiff filed its response, and on August 5, 2016, defendants replied. Based on the parties' submissions, the Court makes its determination.

I.     Introduction[1]

On June 15, 2016, plaintiff Pottawatomie County Rural Water District No. 3 (the "District") filed this action, pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief against defendants Mary Fallin ("Gov. Fallin"), Governor of the State of Oklahoma, and J. David Burrage ("Burrage"), Chairman of the Oklahoma Department of Transportation, (collectively "Defendants").

On February 18, 1997, the District was formed, pursuant to the Rural Water, Sewer, Gas and Solid Waste Management Districts Act ("Rural Water Act"). The District is an agency of the

---

[1] The alleged facts set forth are taken from plaintiff's Original Complaint and Application for Declaration and Injunctive Relief [docket no. 1].

State of Oklahoma, and its principal office and place of business is located in Pottawatomie County, Oklahoma. On August 10, 2001, pursuant to the Rural Water Act, the District borrowed over $1,000,000.00 from the United States Department of Agriculture ("USDA").[2] The District alleges that, pursuant to 7 U.S.C. § 1926(b) ("§ 1926(b)"), the District has the federal right to be the exclusive water service provider in all areas for which the District has the legal right to provide water service.[3] Further, the District alleges that "the State of Oklahoma, by empowering the District to borrow money from the USDA, bound the State and all of its subdivisions, to comply with the provisions of § 1926(b)." Compl. ¶ 8.

The District alleges that Defendants, acting in furtherance of and for the Oklahoma Department of Transportation ("ODOT"), have violated § 1926(b) by requiring the District to prove to the satisfaction of ODOT that the District is in fact a rural water district before it will allow the District to have access to state highways and rights-of-way for water line construction purposes. The District further alleges that the requirements imposed by Defendants include complying with Okla. Stat. tit. 69, § 1401, a statute which is facially not applicable to the

---

[2] The District alleges it remains indebted to the USDA on said loan.

[3] § 1926(b) states:

> (b) Curtailment or limitation of service prohibited
>
> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

7 U.S.C. § 1926(b).

District.[4] The District alleges that Okla. Stat. tit. 82, § 1324.10(A)(8) grants the District the statutory right to use the State's highways and rights-of-way and mandates that the State and ODOT concur in the location of water lines constructed by the District, and that the State's use of inapplicable statutes is pretext to interfere with the water service provided by the District and directly results in reducing the customer pool of the District, in violation of § 1926(b).

Defendants now move for this Court to dismiss this matter on the following basis: (1) Defendants contend that Gov. Fallin should be dismissed from this action as she has no connection to the acts and statutes the District alleges were violated and, therefore, pursuant to the Eleventh Amendment, is immune from suit in this matter; (2) the Court should abstain from hearing this matter under the *Younger* Abstention Doctrine[5]; and (3) this matter should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), as the District has failed to state a claim upon which relief can be granted.

II. Discussion

    A. Eleventh Amendment immunity

Defendants contend that Gov. Fallin should be dismissed from this matter as she has no connection to the acts and statutes complained of and, therefore, is immune from suit in this matter, pursuant to the Eleventh Amendment. Specifically, Defendants contend that the District

---

[4] Okla. Stat. tit. 69, § 1401 pertains to the use of highways, rights-of-way, and easements by public utilities or cable television systems.

[5] On May 23, 2016, the State of Oklahoma filed an action against the District in Oklahoma County District Court, State of Oklahoma. In the state court action, the State of Oklahoma sought a temporary injunction barring the District from making use of or constructing infrastructure on any of the State's highways or rights-of-way. The District advised the Court that on December 5, 2016, the state court granted the District's motion to dismiss and dismissed the State's case against the District in state court. Since the state court matter has been dismissed of, the Court finds that it is not necessary to abstain from hearing this matter.

3

relies on Gov. Fallin's general authority, pursuant to the Oklahoma Constitution article VI, section 8, which states:

> The Governor shall cause the laws of the State to be faithfully executed, and shall conduct in person or in such manner as may be prescribed by law, all intercourse and business of the State with other states and with the United States, and [s]he shall be a conservator of the peace throughout the State.

Okla. Const. art. VI, § 8, to assert its claim that Gov. Fallin violated § 1926(b). The District contends that the *Ex parte Young* exception applies in this matter and, therefore, this suit against Gov. Fallin is appropriate.

The Eleventh Amendment prohibits suits against states, including state officials in their official capacity. *See Muscogee (Creek) Nation v. Okla. Tax. Com'n*, 611 F.3d 1222, 1227 (10th Cir. 2010). The United States Supreme Court recognized an exception barring Eleventh Amendment immunity when a state official is sued in his or her official capacity to enjoin an ongoing violation of federal law. *See id.* at 1232 (quoting *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). To determine when the *Ex parte Young* exception applies "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that the District has sufficiently alleged facts barring Gov. Fallin from exercising her right to Eleventh Amendment immunity in this matter. The District alleges that Gov. Fallin, along with Burrage, has violated § 1926(b) by imposing new extra-statutory requirements on the District which has resulted in an interference in the operations of the District and reduction of the District's customer pool. Further, the District seeks prospective injunctive and declaratory relief. As the District has alleged that Gov. Fallin has violated § 1926(b), a federal law, and seeks injunctive and

declaratory relief to remedy the violation, the Court finds that the District's allegations are sufficient to allow this action to proceed against Gov. Fallin in her official capacity.

B. Rule 12(b)(6) dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true

and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Defendants contend that the District has failed to state a claim against them, as the District does not allege that Defendants have taken any anti-competitive actions against it in violation of § 1926(b). "Congress enacted [§ 1926(b)] as a part of a federal statutory scheme to extend loans and grants to certain associations providing soil conservations practices, water service or management, waste facilities, or essential community facilities to farmers, ranchers, and other rural residents." *Glenpool Util. Servs. Auth. v. Creek Cty. Rural Water Dist. No. 2*, 861 F.2d 1211, 1214 (10th Cir. 1988). Further,

> § 1926(b) indicates a congressional mandate that local governments not encroach upon the services provided by [federally indebted water] associations, be that encroachment in the form of competing franchises, new or additional permit requirements, or similar means. . . [T]he type of encroachment contemplated by § 1926(b) is not limited to the traditional guise of an annexation followed by the city's initiation of water service. It encompasses other forms of direct action that effectively reduce a water district's customer pool within its protected area.

*Rural Water Dist. No. 4, Douglas Cty., Kan. v. City of Eudora, Kan.*, 659 F.3d 969, 985 (10th Cir. 2011).

Having carefully reviewed the District's Complaint, and presuming all of the District's factual allegations are true and construing them in the light most favorable to the District, the Court finds that the District has alleged sufficient facts establishing a plausible claim against the Defendants. In its Complaint, the District specifically alleges:

> The Defendants, acting in furtherance of and for the Oklahoma Department of Transportation (ODOT) have engaged in conduct which has limited, curtailed and encroached upon the services provided or made available by the District. This conduct is in the form of new extra-statutory requirements imposed on the District to prove to the satisfaction of ODOT that the District is in fact a rural water district before it will allow the District to have access to

6

> State highways and rights-of-way for water line construction purposes. The new requirements the State seeks to impose on the District to comply with [Okla. Stat. tit. 69, § 1401], which is not facially applicable to the District. [Okla. Stat. tit. 82, § 1324.10(A)(8)] grants the District the statutory right to use the State's highways and rights-of-way and mandates that the State and ODOT concur in the location of water lines constructed by the District. The State's use of inapplicable statues is a pretext to interfere with the water service provided by the District, and directly results in reducing the customer pool of the District, in direct violation of 7 U.S.C. § 1926(b).
>
> The State's conduct here is part of a plan and scheme to evade the State's or ODOT's statutory obligation owed the District pursuant to [Okla. Stat. tit. 69, § 1403(F)], which mandates that the State/ODOT pay for the cost of replacing the District's water lines under the circumstances specified in the statute. The State, as a means to avoid this financial obligation, has falsely contended that the District is not a rural water district, despite being provided and made aware of (a) final and non-appealable Orders from the Board of County Commissioners of Pottawatomie County creating the District in 1997, and expanding the territory of the District in 2008 and (b) final and non-appealable Order from the Oklahoma Water Resources Board, which found as a fact, and as a matter of law, that the District was validly formed and existing rural water district under the Rural Water Act. The result of the actions of the State has directly functioned to interfere in the operations of the District, and therefore the State has, in violation of federal law, encroached on, limited and curtailed the water service provided and made available by the District which has in turn resulted in the reduction of the District's customer pool.

Compl. ¶¶ 12 & 13. The Court finds that, at this stage of the litigation, the District's factual allegations allow the Court to draw a reasonable inference that Defendants' actions of requiring the District to prove that it was a rural water district prior to allowing the District access to the state's highways and rights-of-way for water line construction is the type of direct action that could effectively reduce the District's customer pool. Therefore, the Court finds that the District's Complaint should not be dismissed.

III.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendants' Motion to Dismiss [docket no. 4].

**IT IS SO ORDERED this 24th day of February, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE